## NIMROD MAXWELL v. JAMES MILLECHOPS.

Court of Common Pleas. Kent. May, 1804.

*Rodney's Notes.*

*H. Ridgely, Vandyke* [for plaintiff]. *Bayard, Clayton* [for defendant].

In this cause the plaintiff's counsel offered to prove and did prove the handwriting of Levi Lockwood, a witness to a note, who, it was proved, had resided two or three years in Philadelphia. Peake 99 referred to, where witness was in Calais, handwriting proved.

*Bayard,* for defendant, objected that it was not, upon the great principle of the common law, the best evidence. They might have taken a commission and obtained his deposition, and according to the case in Doug. 89, the court hesitated to admit the proof where witness was in India.

PER CURIAM. We consider this proof inadmissible, it not being the best evidence the nature of the case admits of. £102 claimed by plaintiff of defendant, by their statement.

*Clayton* moves for a nonsuit, because they have proved the cause of action to accrue three years (and even in 1793) before the action brought, and limitation in such case is a complete bar. Esp.N.P. 150.

*Vandyke.* The first moment the fact was ascertained that money was due is December 5, 1799. Action brought May 17, 1802. May 7, 1799, defendant's letter to plaintiff.

*Bayard.* Cowp. 215, court and jury bound by Act of Limitations, if the facts appear that the money paid was three years [ago], the Statute began to run immediately from the time money paid, *per* Esp.N.P. 150.

The Court were not inclined to direct a nonsuit, as the acknowledgments of the party, if made, the jury should judge of, and they may consider if the letter is such as to take the case out of the Act.

Objection to a deposition offered by defendants, for want of notice. Objection affirmed.

*Vandyke.* £80 appears to be due in 1799 with interest, which amounts [to] £102.

*Clayton.* 2 Burr. 1010.

*Bayard.* We received but £100, and there cannot be more than £11 due them. Statute of Limitations in our favor and will attach from the time of assignment.

*Vandyke* in conclusion.

CHIEF JUSTICE BOOTH.
Verdict [——].[1]